■ The People of the State of New York, Respondent, v Desmond Johnson, Appellant.—Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered February 5, 1988, convicting defendant, after a bench trial, of burglary in the third degree (Penal Law § 140.20) and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 2 to 4 years, unanimously affirmed.

On May 27, 1987, a security guard found defendant in Macy's department store three hours after the store had

closed and the lights had been turned off, with Macy's merchandise that had no accompanying sales receipts. Defendant stated that he was visiting his sister, who worked in an office located downstairs. However, no offices are located on the lower levels of the store, and defendant did not provide the security guard with his sister's name. After further questioning, defendant admitted that the merchandise did not belong to him.

On appeal, defendant argues that the People did not prove beyond a reasonable doubt that he had knowingly and unlawfully remained in Macy's, since there was evidence that he was inebriated and had fallen asleep in the store, and since there was no proof that he had defied a lawful order, personally communicated to him by an authorized person, not to remain in the premises. This claim is without merit.

Penal Law § 140.20 provides that, "A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." There is no requirement that a proprietor must personally order someone to leave the store after it has closed, even if that person had entered during store hours. *(See, People v Powell,* 58 NY2d 1009, 1010.)* In the case at bar, Macy's sounded warning bells to announce its imminent closing, and conducted an extensive search that included the checking of all floors, bathrooms, and special checkpoints, by security personnel with trained dogs. Thereafter, the lights were turned off. These steps were clear indication that Macy's was closing for business, and provided sufficient evidence to establish that defendant's continued presence in the premises was unlawful.

With respect to defendant's claim that he was intoxicated and therefore unaware that the store had closed, the only evidence presented at trial on this issue came from the prosecution, and it established only that the defendant had alcohol on his breath, not that he was inebriated. *(See, People v Westergard,* 69 NY2d 642.)* Concur—Murphy, P. J., Ross, Milonas, Kassal and Wallach, JJ.