STATE of South Dakota, Plaintiff
and Appellee,

v.

Jon E. SCHEMPP, Defendant
and Appellant.

No. 17781.

Supreme Court of South Dakota.

Considered on Briefs May 29, 1992.

Decided April 7, 1993.

Mark Barnett, Atty. Gen., Charles D. McGuigan, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

John Peterson of Johnson, Eklund and Abourezk, Gregory, for defendant and appellant.

PER CURIAM.

Jon E. Schempp appeals an order in which the trial court held that it had no authority to suspend imposition of a sentence. We reverse and remand.

## FACTS

On October 20, 1990, a series of disturbances, which have become known as the "Hobo Days Riots," occurred on the campus of South Dakota State University in Brookings. Schempp participated in those riots. Like many of the riot participants, part of his role in the riot was captured on film. For instance, he participated in toppling a light pole. After the light pole fell, Schempp hoisted it above his head and marched down the street leading, literally, hundreds of other rioters and spectators. Later, he led a similar "march" while carrying a bicycle rack over his head. Witnesses later described Schempp as one of the leaders of the riots. Pictures of Schempp carrying the light pole and leading the crowd were later used as evidence against him.

Police responded to the campus disturbance. Schempp then attempted to blend into the crowd and pass himself off as a spectator. Time passed before several students recognized Schempp in the crowd, pointed him out to the police, and identified him as a leader of the riot. When the police attempted to arrest Schempp, he pulled himself free, hit a police officer twice, and attempted to run away. He was apprehended shortly thereafter and placed under arrest.

A grand jury charged him with encouraging or soliciting violence in riot, aggravated assault, and escape. After a full trial, a jury found Schempp not guilty of encouraging or soliciting violence in riot and not guilty of aggravated assault. However, he was found guilty of riot and escape. On July 2, 1991, the trial court entered two separate judgments for the riot and escape convictions. These judgments were filed on July 10, 1992. Both judgments provided for a sentence of two years in the state penitentiary, to run consecutively. For each conviction, the trial court *suspended execution* of the sentence and imposed certain probation conditions. Schempp was required to serve 180 days in the Brookings County Detention Center for the riot conviction and a concurrent 60-day sentence for the escape conviction. He was also required to serve two years probation, make full restitution for the damages he caused, and write a letter to the Brookings Register apologizing for his actions.

On October 30, 1991, Schempp moved for relief from his judgments of conviction. He asked the trial court to suspend the imposition of both sentences (pursuant to SDCL 23A–27–13) so that he could attend college and also regain his hunting privileges. State resisted the motion. The trial court concluded that it had authority, under SDCL 23A–27–4.1, to grant relief from the original judgments of conviction.* The trial court amended the judgment on the riot conviction so that it became a suspended imposition of sentence. However, the trial

court concluded that SDCL 23A–27–13 prohibited it from suspending the imposition of the sentence for the escape conviction. The trial court explained:

> SDCL 23A–27–13 simply provides that a person is only entitled to a suspended imposition of sentence if he has never been before convicted of a crime.

> In this case, although the offenses were closely connected in time and location, they were two separate and distinct acts, and each offense had separate and distinct elements. There were two separate indictments and two separate sentences. The fact that there was one trial is not controlling.

Schempp appeals and argues that the trial court erroneously interpreted and applied that statute.

### ISSUE

This appeal presents a purely legal issue for our consideration: What authority does a trial court have to suspend imposition of sentence when a defendant is simultaneously convicted of two separate crimes?

State has unnecessarily complicated this case by arguing that the trial court exercised its discretion and decided not to suspend the imposition of the escape sentence. Contrary to the State's contention, the trial court did not exercise its discretion. Rather, the trial court found, as a matter of law, that it did not have authority to suspend the imposition of sentence. We must decide whether the trial court reached the correct legal conclusion. We are not called upon to decide, nor do we express an opinion on, whether the imposition of Schempp's sentence should be suspended.

### DECISION

■ Article 5, Section 5 of the South Dakota Constitution provides, in part: "Imposition or execution of a sentence may be suspended by the court empowered to impose the sentence *unless otherwise provid-*

---

* SDCL 23A–27–4.1 provides in pertinent part:

Within a reasonable time but not more than one year after final judgment, a court on motion of a defendant or upon its own motion may relieve a defendant from a final judgment if required in the interest of justice....

*ed by law."* (emphasis added). In other words, the courts have full authority to suspend the imposition of sentence in all cases, *except where specifically restricted by statute. See generally, State v. Huftile,* 367 N.W.2d 193, 195 (S.D.1985).

SDCL 23A–27–13 contains the legislature's limitations on suspending imposition of sentence. It provides:

> Upon receiving a verdict or plea of guilty for a misdemeanor or felony not punishable by death or life imprisonment *by a person never before convicted of a crime* which at the time of conviction thereof would constitute a felony in this state, a court having jurisdiction of the defendant, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby may, without entering a judgment of guilt, and with the consent of the defendant, suspend the imposition of sentence and place the defendant on probation for such period and upon such terms and conditions as the court may deem best. A court may revoke such suspension at any time during the probationary period and impose and execute sentence without diminishment or credit for any of the probationary period. (emphasis added).

The trial court decided that SDCL 23A–27–13 prohibited it from suspending imposition of sentence if the defendant had any prior conviction. Schempp contends that SDCL 23A–27–13 should be liberally construed to authorize the trial court to exercise its discretion to suspend the imposition of sentence in cases involving simultaneous convictions. *See* SDCL 2–14–12 (statutes should be "liberally construed with a view to effect its objects and to promote justice.")

It is undisputed that Schempp was convicted of two crimes. However, both crimes occurred within approximately one hour, both were tried in the same action, and the sentences for both were handed down almost simultaneously. The legislature did not specify how to deal with the situation where there are simultaneous convictions for a first-time offender. However-

er, the purpose of suspended imposition of sentence is "to allow the first-time offender to rehabilitate himself without the trauma of imprisonment or the stigma of a conviction record." *State v. Marshall,* 247 N.W.2d 484, 487 (S.D.1976) (interpreting a prior version of the statute). When faced with a choice between two possible constructions of a statute, the court should apply the interpretation which advances the legislature's goals. *Friese v. Gulbrandson,* 69 S.D. 179, 8 N.W.2d 438 (1943). We conclude that the legislature *left* the courts with discretion to apply SDCL 23A–27–13 in each case in the manner best suited to achieve the goals of that statute.

We reverse the trial court and hold, when presented with simultaneous convictions of a first-time offender, the trial court has discretion to suspend imposition of those simultaneous convictions. Therefore, we remand to the trial court so that it may exercise that discretion.

Reversed and remanded.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.