#25955-r-LSW

2012 S.D. 9

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA
* * * *

IN THE MATTER OF THE EXPUNGEMENT
OF RECORDS RELATED TO
MISTY JO OLIVER, Petitioner.
* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
ROBERTS COUNTY, SOUTH DAKOTA
* * * *

HONORABLE JON S. FLEMMER
Judge
* * * *

MARTY J. JACKLEY
Attorney General

PAUL S. SWEDLUND
Assistant Attorney General
Pierre, South Dakota

Attorneys for respondent and
appellant State of South
Dakota.


RONALD A. PARSONS, JR.
Johnson, Heidepriem, &
  Abdallah, LLP
Sioux Falls, South Dakota

and

THOMAS L. SANNES of
Delaney, Vander Linden,
  Delaney, Nielsen & Sannes, PC
Webster, South Dakota

Attorneys for petitioner
and appellee Oliver.

* * * *

ARGUED NOVEMBER 16, 2011

OPINION FILED **02/08/12**

#25955

WILBUR, Justice

[¶1.] Misty Jo Oliver's record contains two misdemeanor convictions. She asked the trial court to expunge her record of convictions pursuant to SDCL 23A-3-26 through SDCL 23A-3-33 (collectively, "the expungement statutes"). The trial court granted her request. The State appealed on the grounds that under both the expungement statutes and the South Dakota Constitution the trial court was without jurisdiction to expunge records of Oliver's convictions. Because we hold that the trial court did not have statutory authority to grant the expungement, we reverse.

## FACTS AND PROCEDURAL BACKGROUND

[¶2.] Oliver was convicted of misdemeanors in 2000 and 2004. In 2011, Oliver filed a motion for expungement in Roberts County, South Dakota. The State appeared at the hearing on the motion but presented no opposition. The trial court granted Oliver's motion and filed an order of expungement.

[¶3.] After the expungement order was filed, the state's attorney's office filed a motion to set aside the order arguing that granting it exceeded the trial court's statutory and constitutional authority. However, because the motion was never served on Oliver's counsel, the trial court could not decide the merits of the motion. The Office of the Attorney General filed a notice of appeal with this Court.

[¶4.] Despite the State's acquiescence to the motion for expungement, we may consider this issue for the first time on appeal because we are asked to determine whether the trial court acted beyond its constitutional and statutory

jurisdiction.  *See State v. Neitge*, 2000 S.D. 37, ¶ 9, 607 N.W.2d 258, 260 (citing *State v. Haase*, 446 N.W.2d 62, 64 (S.D. 1989)).

## STANDARD OF REVIEW

[¶5.]        Issues of statutory and constitutional interpretation are questions of law.  *Gray v. Gienapp*, 2007 S.D. 12, ¶ 15, 727 N.W.2d 808, 812.  We review the interpretation and application of each de novo.  *See State v. Goulding*, 2011 S.D. 25, ¶ 5, 799 N.W.2d 412, 414 ("Statutory interpretation and application are questions of law that we review do novo."); *Kraft v. Meade Cnty. ex rel. Bd. of Cnty. Comm'rs*, 2006 S.D. 113, ¶ 2, 726 N.W.2d 237, 239 ("Constitutional interpretation is a question of law reviewable de novo.").

## ANALYSIS

### *Statutory Analysis*

[¶6.]         In conducting statutory interpretation, "[w]e give words their plain meaning and effect, and read statutes as a whole . . . ."  *State v. Miranda*, 2009 S.D. 105, ¶ 14, 776 N.W.2d 77, 81.  "[R]esorting to legislative history is justified only when legislation is ambiguous, or its literal meaning is absurd or unreasonable."  *In re Famous Brands, Inc.*, 347 N.W.2d 882, 885 (S.D. 1984).

[¶7.]        The parties dispute the meaning of SDCL 23A-3-27.  The statute, titled "Motion for expungement of arrest record" provides:

> An *arrested* person may apply to the court that would have
> jurisdiction over the crime for which the person was arrested, for
> entry of an order expunging the *record of the arrest* after one
> year from the date of any arrest, *if no accusatory instrument was
> filed, or at any time after an acquittal.*

(Emphasis added.)

#25955

[¶8.]     The State and Oliver set forth divergent readings of the statute.  The State argues that the plain language of SDCL 23A-3-27 limits a court's authority to grant an expungement to: (1) individuals who have been arrested but have never been charged with a crime; and (2) individuals who have been acquitted.  In contrast, Oliver argues that SDCL 23A-3-27 does not limit a court's authority to grant an expungement, but rather establishes when certain individuals may seek expungement.  Specifically, under Oliver's reading of the statute, an arrested person, "if no accusatory instrument was filed," may apply to have records expunged "one year from the date of arrest" and an acquitted person may apply for expungement "at anytime after acquittal."  According to Oliver, other individuals, for example, individuals like Oliver who have been convicted, are not subject to SDCL 23A-3-27 but are still eligible to have a conviction expunged.

[¶9.]     The United States Supreme Court has repeatedly stated that "[i]t is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 133, 120 S. Ct. 1291, 1301, 146 L. Ed. 2d 121 (2000) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809, 109 S. Ct. 1500, 1504, 103 L. Ed. 2d 891 (1989)).  Similarly, this Court has stated that "[i]t is inappropriate to select one statute on a topic and disregard another statute which may modify or limit the effective scope of the former statute." *Appeal of AT & T Info. Sys.*, 405 N.W.2d 24, 28 (S.D. 1987).  Oliver's reading of the statute violates both these rules of statutory construction.

[¶10.]    Oliver begins her statutory analysis by correctly noting that SDCL 23A-3-26 broadly defines expungement.  Specifically, the statute defines expungement as:

> [T]he sealing of all records on file within any court, detention or correctional facility, law enforcement agency, criminal justice agency, or Department of Public Safety concerning a person's detection, apprehension, arrest, detention, trial or disposition of an offense within the criminal justice system.  Expungement does not imply the physical destruction of records.

*Id.*  However, Oliver fails to read the definition of expungement in relation to its "place in the overall statutory scheme," by temporarily ignoring the subsequent statute, SDCL 23A-3-27.

[¶11.]    After noting that expungement is broadly defined by SDCL 23A-3-26, Oliver directs this Court to SDCL 23A-3-30.  This statute provides that a "court may enter an order of expungement if satisfied that the ends of justice and the best interest of the public as well as the defendant or the arrested person will be served by the entry of the order."  Oliver then appends that broad definition of expungement onto SDCL 23A-3-30 and reasons that, because Oliver's "conviction" can be categorized as a "disposition of an offense within the criminal justice system," a court can grant an expungement of conviction so long as it makes the necessary findings under SDCL 23A-3-30.  Oliver uses this reading as the backdrop for her argument that the plain language of SDCL 23A-3-27 "simply establishes a time frame under which an arrested person who has never been indicted or charged may apply to have those records expunged."

[¶12.]    Oliver's reading misses the overall scheme of the expungement statutes, and therefore, as a matter of statutory interpretation, cannot be accepted.

First, although the Legislature *defined* "expungement" broadly, the statutory scheme cannot be read to give courts broad *jurisdiction* to grant expungement. Moreover, contrary to Oliver's assertions, SDCL 23A-3-30 does not grant jurisdiction, rather it provides the standard to be applied by the court (i.e. "if satisfied that the ends of justice and the best interest of the public as well as the defendant or the arrested person will be served by the entry of the order") in determining if expungement is appropriate. This is a standard a court would reach only if it has authority to act under SDCL 23A-3-27.

[¶13.]      When read in context of the entire statutory scheme, it is clear that the Legislature intended that the provisions of SDCL 23A-3-27 "limit the effective scope of the former statute," SDCL 23A-3-26. First, as the State correctly asserts, the plain language of SDCL 23A-3-27 provides that a court's ability to enter an order of expungement is limited to: (1) individuals who have been arrested but have never been charged with a crime; and (2) individuals who have been acquitted. Specifically, a reading of the plain language indicates that the Legislature intended the phrase "if no accusatory instrument was filed, or at any time after an acquittal" to limit the court's authority. Second, the Legislature chose language which limits the expungement to the "record of the arrest." If the Legislature had intended to allow expungement of a conviction it would have included that language in the statute.

[¶14.]      In the alternative, Oliver argues that the State's interpretation of the expungement statutes would lead to an "absurd" result, and therefore, should be avoided. According to Oliver, it is "absurd" that both "an individual who was

arrested but never charged" and "an individual who was arrested, charged, tried, and acquitted could obtain such an order, but records related to an individual who was wrongfully arrested and charged, but had those charges dropped or dismissed, could never be expunged." We disagree. As the State points out, it is quite possible that the Legislature felt there was a qualitative difference in conduct resulting in charges (unless acquitted) and conduct that does not result in charges being filed. This distinction is not facially absurd. Moreover, even if we found the statutory language absurd or ambiguous, and looked beyond the language of the statute to determine legislative intent, we would still arrive at the same result.

[¶15.] "When called upon to construe ambiguous statutes, courts may look to 'the legislative history, title, and the total content of the legislation.'" *Zoss v. Schaefers*, 1999 S.D. 105, ¶ 6, 598 N.W.2d 550, 552 (quoting *LaBore v. Muth*, 473 N.W.2d 485, 488 (S.D. 1991)). A review of the legislative history reveals that when SDCL 23A-3-27 was initially introduced, the bill afforded courts the discretion to expunge conviction records. Specifically, the bill provided: "*Any* defendant . . . may apply, by motion to the court where the *conviction* was entered, for entry of an order expunging the *conviction* after two years from the date of a judgment of *conviction*." H.B. 1105, 85th Leg. Sess., (S.D. 2010) (emphasis added). The initial inclusion and subsequent removal of "conviction," supports our reading of the legislative language. If it had been the will of the Legislature to include conviction records, they would have left the language in the statute.

[¶16.] Oliver counters by pointing to the Legislature's rejection of a 2011 amendment to the expungement statutes. The amendment would have explicitly

provided that a "court may not expunge any records of a guilty plea, conviction, or suspended imposition of sentence." S.B. 31, 86th Leg. Sess. (2011). According to Oliver, the rejection of the amendment "should send a strong message that [the Legislature] did not intend expungement to be jurisdictionally limited to cases where no information or indictment was filed or that ended in an acquittal." However, "'subsequent legislative history will rarely override a reasonable interpretation of a statute that can be gleaned from its language and legislative history prior to its enactment.'" *Doe v. Chao*, 540 U.S. 614, 626-27, 124 S. Ct. 1204, 1212, 157 L. Ed. 2d 1122 (2004) (quoting *Solid Waste Agency of N. Cook Cnty. v. United States Army Corps of Eng'rs*, 531 U.S 159, 170 n.5, 121 S. Ct. 675, 682, 148 L. Ed. 2d 576 (2001)).

## *Constitutional Analysis*

[¶17.] Adopting the reading of the statute which Oliver urges would also force this Court to address a constitutional problem: whether granting courts jurisdiction to expunge convictions is an unconstitutional infringement on Article IV, § 3 of the South Dakota Constitution. This provision vests in the governor the power to "grant pardons, commutations, and reprieves . . . ." *Id.* We have previously stated that "[i]f an alternate construction of a statute would involve serious constitutional difficulties, then that interpretation should be rejected in favor of one which avoids such constitutional infirmities." *State v. Heisinger*, 252 N.W.2d 899, 903 (S.D. 1977) (citing *First Am. Bank & Trust Co. v. Ellwein*, 198 N.W.2d 84, 95 (N.D. 1972)).

[¶18.] Notably, the effect of a pardon and an expungement are the same. Both restore "the status the person occupied before the person's arrest, indictment,

or information." *Compare* SDCL 23A-3-32 (effect of order of expungement), *with* SDCL 24-14-11 (effects of pardon). Therefore, because the effect of an expungement, like that of a pardon goes beyond mere regulation of records, Oliver's contention that the expungement statutes can be differentiated from the governor's pardoning power is erroneous. Nonetheless, because we reject Oliver's reading and hold that the expungement statutes do not apply to convictions, the conviction pardoning power remains solely reserved to the governor, and we "avoid[] such constitutional infirmities."

## CONCLUSION

[¶19.]     The trial court's decision expunging Oliver's convictions is reversed.

[¶20.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and SEVERSON, Justices, concur.