2014 S.D. 82

**In the Matter of the Expungement of the Record Concerning Brandon TALIAFERRO.**

No. 26997.

Supreme Court of South Dakota.

Argued Oct. 8, 2014.

Decided Nov. 25, 2014.

Marty J. Jackley, Attorney General, Paul S. Swedlund, Assistant Attorney General, Pierre, South Dakota, Michael R. Moore, Special Prosecutor, Brown County State's Attorney's Office, Huron, South Dakota, Attorneys for respondent and appellee State of South Dakota.

Michael J. Butler, Sioux Falls, South Dakota, Attorney for petitioner and appellant Brandon Taliaferro.

WILBUR, Justice.

[¶ 1.] Brandon Taliaferro petitioned for expungement of several charges against him. The circuit court granted expungement of some but not all of the charges. Taliaferro appeals the circuit court decision. We affirm.

## Background

[¶ 2.] On April 20, 2012, and September 14, 2012, a Brown County grand jury indicted Taliaferro on the following seven charges: witness tampering, three counts of subornation of perjury, conspiracy to commit perjury, unauthorized disclosure of confidential abuse and neglect information, and obstructing law enforcement. Taliaferro pleaded not guilty to all of the charges. The State dropped the conspiracy to commit perjury charge prior to trial; then, after trial, the State formally dismissed the charge.

[¶ 3.] Jury trial began on January 7, 2013. After the State rested, the prosecutor dismissed, with prejudice, the obstructing law enforcement charge. Taliaferro motioned for the acquittal of the five remaining charges. The circuit court granted judgments of acquittal.

[¶ 4.] Taliaferro filed a petition for expungement of all seven charges pursuant to SDCL 23A–3–27. Citing SDCL 23A–3–27(2), the State refused to consent to the expungement. The circuit court granted the petition of expungement as to the five acquitted charges under SDCL 23A–3–27(3), but denied the petition as to the two dismissed charges because the court did not have the prosecutor's consent under SDCL 23A–3–27(2). Taliaferro raises the following issue for our review:

[¶ 5.] **Whether the circuit court erred in denying expungement of the two dismissed charges.**

## Standard of Review

[¶ 6.] The law of statutory interpretation is well settled. This Court has previously stated:

Questions of law such as statutory interpretation are reviewed by the Court de novo.... The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the [L]egislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be

given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed. Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. But, in construing statutes together it is presumed that the [L]egislature did not intend an absurd or unreasonable result.

*In re Estate of Ricard*, 2014 S.D. 54, ¶ 8, 851 N.W.2d 753, 755–56 (quoting *In re Estate of Hamilton*, 2012 S.D. 34, ¶ 7, 814 N.W.2d 141, 143).

### Analysis

[¶ 7.] Taliaferro first argues that, because the prosecutor did not dismiss the *entire* criminal case on the record, SDCL 23A-3-27(2) does not apply and therefore consideration of the prosecutor's refusal to consent to the expungement of the seven charges was irrelevant. Instead, Taliaferro contends that the circuit court had authority to grant expungement of all seven charges under SDCL 23A-3-27(3). SDCL 23A-3-27 provides in full:

> An arrested person may apply to the court that would have jurisdiction over the crime for which the person was arrested, for entry of an order expunging the record of the arrest:
>
> (1) After one year from the date of any arrest if no accusatory instrument was filed;
>
> (2) With the consent of the prosecuting attorney at any time after the

prosecuting attorney formally dismisses the entire criminal case on the record; or

(3) At any time after an acquittal.

[¶ 8.] Both parties acknowledge that SDCL 23A-3-27(1) has no applicability in this case because an accusatory instrument was filed against Taliaferro. Thus, our analysis begins with SDCL 23A-3-27(2). The plain language of SDCL 23A-3-27(2) sets forth two requirements for expungement. First, the prosecutor must formally dismiss the entire criminal case on the record. Second, the prosecutor must consent to the expungement. The language of these two requirements are clear, certain and unambiguous. If given their plain meaning and effect, the words of this statute make clear that the Legislature did not intend for SDCL 23A-3-27(2) to apply to instances where the prosecutor merely dismisses some but not all of the charges in the case. Indeed, the prosecutor must dismiss the *entire* criminal case on the record. In this case, the prosecutor dismissed only two of the seven charges. The prosecutor did not dismiss the entire criminal case; therefore, the first requirement of SDCL 23A-3-27(2) was not satisfied. In addition, as the circuit court noted, the prosecutor did not consent to the expungement, and that fact alone would be sufficient to make subsection (2) inapplicable to the dismissed charges. SDCL 23A-3-27(2) therefore does not apply.[1]

[¶ 9.] The only remaining method for expungement is SDCL 23A-3-27(3), which allows a court to grant expungement "at any time after an acquittal." The State argues that a court's ability to grant ex-

---

1. Taliaferro argues that if SDCL 23A-3-27(2) were to apply, he questions the prosecutor's basis for refusing to consent to the expungement of all seven charges. Taliaferro points out that the circuit court stated in its memorandum decision that "[t]here was no evidence in the remotest sense to show how Taliaferro committed a crime." However, we note that the plain language of SDCL 23A-3-27(2) contains no requirement that the State provide an explanation for its refusal to consent.

pungement under SDCL 23A–3–27(3) is limited only to instances where a defendant has been acquitted of the charge. Because Taliaferro was not acquitted of the two dismissed charges, the State argues that the court did not have authority to grant expungement under SDCL 23A–3–27(3). Taliaferro responds that this strict construction frustrates the purpose of the expungement statutory scheme. Instead, Taliaferro contends that the circuit court had authority to grant expungement under SDCL 23A–3–27(3) because the two dismissed charges were "inextricably intertwined" with the five acquitted charges. According to Taliaferro, the appropriate construction of the statute is that the court is left to determine, at any time after an acquittal, whether to grant expungement of the related dismissed charges.

[¶ 10.] Taliaferro directs this Court to several statutes in support of this interpretation. First, Taliaferro points out that the purpose of the expungement statutory scheme is to advance the goal of restoring the defendant to the status he occupied before his arrest or indictment, as provided in SDCL 23A–3–32. Furthermore, "[t]he court may enter an order of expungement if satisfied that the ends of justice and the best interest of the public as well as the defendant or the arrested person will be served by the entry of the order." SDCL 23A–3–30. In addition, a statute should be "liberally construed with a view to effect its objects and to promote justice." SDCL 2–14–12. Taliaferro argues that, pursuant to these statutes, SDCL 23A–3–27(3) should be liberally construed to allow expungement of the two dismissed charges in order to align with the expungement statutory scheme's goal of restoring him to the status he occupied before his arrest.

[¶ 11.] Taliaferro claims that between competing constructions of SDCL 23A–3–27(3), the construction that advances the Legislature's goals should be applied. In making this argument, Taliaferro relies on *State v. Schempp*, 498 N.W.2d 618 (S.D. 1993). In *Schempp*, a jury found the defendant, a first-time offender, guilty of two felonies based upon simultaneous convictions. The circuit court entered two separate judgments of conviction. At the time, SDCL 23A–27–13 provided that a court may suspend the imposition of a sentence for "a person never before convicted of a crime," but the statute did not provide for the "situation where there are simultaneous convictions for a first-time offender." *Id.* at 620. Schempp asked the circuit court to suspend imposition of sentence for both felonies. The court concluded that it had authority to grant a suspended imposition of sentence as to only one of the felonies. The defendant appealed and argued that the circuit court erroneously interpreted SDCL 23A–27–13. On appeal, we said that "[w]hen faced with a choice between two possible constructions of a statute, the court should apply the interpretation which advances the [L]egislature's goals." *Id.* We reversed the circuit court and held that the Legislature "left the courts with discretion to apply SDCL 23A–27–13 in each case in the manner best suited to achieve the goals of that statute." *Id.* (emphasis omitted).

[¶ 12.] The issue in *Schempp* is distinguishable from the present case. In *Schempp*, this Court was faced with a choice between two possible constructions of SDCL 23A–27–13. Here, the language of SDCL 23A–3–27(3) does not lend itself to two possible constructions. There is no language in the statute that might allow for the expungement of dismissed charges that are "inextricably intertwined" with acquitted charges.

[¶ 13.] Specifically, SDCL 23A–3–27(3) provides that "[a]n arrested person may apply to the court that would have jurisdiction over *the crime* for which the person was arrested, for entry of an order expunging the record of the arrest ... at any time after an acquittal." (Emphasis added.) The use of the language "the crime" denotes that the statute applies to each specific charge individually.. Thus, a charge may be expunged under SDCL 23A–3–27(3) only when there has been an acquittal of that specific charge.

[¶ 14.] Alternatively, Taliaferro urges this Court to adopt the view that SDCL 23A–3–30 provides the circuit court with discretion to enter an order of expungement under SDCL 23A–3–27(3), after an acquittal, on the related dismissed charges "if satisfied that the ends of justice and the best interest of the public as well as the defendant or the arrested person will be served by the entry of the order." SDCL 23A–3–30.

[¶ 15.] Our decision in *In re Expungement of Oliver* provides guidance on this issue. 2012 S.D. 9, 810 N.W.2d 350. In *Oliver*, the defendant was convicted of two misdemeanors. The circuit court granted the expungement of both convictions under SDCL 23A–3–27.[2] We held that the court did not have authority to grant the expungement of a conviction, because "[i]f the Legislature had intended to allow expungement of a conviction it would have included that language in the statute." *Id.*

¶ 13, 810 N.W.2d at 353. As rationale, we said that "although the Legislature *defined* 'expungement' broadly, the statutory scheme cannot be read to give courts broad [authority] to grant expungement." [3] *Id.* ¶ 12, 810 N.W.2d at 353. SDCL 23A–3–30 merely "provides the standard to be applied by the court ... in determining if expungement is appropriate." *Id.* A circuit court must first have authority under SDCL 23A–3–27 before it can apply the standard set forth in SDCL 23A–3–30. Consequently, we reject Taliaferro's argument that SDCL 23A–3–30 expands the circuit court's authority to grant expungement.

[¶ 16.] According to Taliaferro, this "strained" reading of SDCL 23A–3–27 frustrates the purpose of the expungement statutory scheme and creates an absurd and unreasonable result. We disagree. Taliaferro points out that all seven charges against him arose from the same facts. The police reports, the witnesses, and the evidence were the same for all of the charges. Moreover, the circuit court stated that "[t]here was no evidence in the remotest sense to show how Taliaferro committed a crime." Taliaferro alleges that denying the expungement of the two dismissed charges in light of these facts "has led to a manifestly unjust result." Indeed, the denial of expungement creates an unfavorable result for Taliaferro; but, the court cannot grant that which it does

2. At the time of this Court's decision in *Oliver,* SDCL 23A–3–27 did not yet include the language of subsection (2)—the prosecutorial "veto." The Legislature amended SDCL 23A–3–27 in 2012. The original version of this statute, which *Oliver* relied on, stated in full:

An arrested person may apply to the court that would have jurisdiction over the crime for which the person was arrested, for entry of an order expunging the record of the arrest after one year from the date of any

arrest, if no accusatory instrument was filed, or at any time after an acquittal.

3. We replace the word "jurisdiction" with "authority" as there was no question before the Court in *Oliver* nor is there a question in this case as to the circuit court's personal or subject matter jurisdiction. Rather, the appropriate question is whether the circuit court had authority to grant the expungement under the statutory scheme enacted by the Legislature.

not have authority to grant. If the Legislature intended to allow expungement of dismissed charges that are "inextricably intertwined" with other acquitted charges from the same record, the Legislature would have added language to that effect.

[¶ 17.] Furthermore, we said in *Oliver* that "it is quite possible that the Legislature felt there was a qualitative difference in conduct resulting in charges (unless acquitted) and conduct that does not result in charges being filed." *Oliver*, 2012 S.D. 9, ¶ 14, 810 N.W.2d at 353. Likewise, it is also quite possible that the Legislature found a qualitative difference in charges that are dismissed and charges that are acquitted based on the same facts from the same record. In fact, subsequent to our decision in *Oliver*, the Legislature amended SDCL 23A–3–27 to add the language set forth in SDCL 23A–3–27(2)—"[w]ith the consent of the prosecuting attorney at any time after the prosecuting attorney formally dismisses the entire criminal case on the record." *See* 2012 S.D. Sess. Laws ch. 131, § 1. As we discussed above, this language only allows for the expungement of dismissed charges when the *entire* criminal case has been dismissed on the record, not when part of the case has been dismissed. This highlights that the Legislature considered whether expungement should be granted for dismissed charges, and concluded that expungement is only appropriate when the entire case has been dismissed on the record.

[¶ 18.] The language of SDCL 23A–3–27(3) is clear, certain and unambiguous. *See In re Estate of Ricard*, 2014 S.D. 54, ¶ 8, 851 N.W.2d at 755–56 (quoting *In re Estate of Hamilton*, 2012 S.D. 34, ¶ 7, 814 N.W.2d at 143). We need not resort to the legislative history to determine the intent of the Legislature. Rather, we are confined to the plain language of the statute. The plain language of SDCL 23A–3–27 does not provide the circuit court with authority to expunge the two dismissed charges. We recognize that this is a harsh result; nevertheless, the appropriate avenue for relief in this case is through the Legislature.

## CONCLUSION

[¶ 19.] The circuit court did not err when it denied Taliaferro's petition to expunge the two dismissed charges. We affirm.

[¶ 20.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and SEVERSON, Justices, concur.