**Pat KNEELAND, Plaintiff and Appellee,**

v.

**Ralph MATZ and Milbank Insurance Company, Defendants and Appellants.**

**No. 15167.**

Supreme Court of South Dakota.

Considered on Briefs April 21, 1986.

Decided June 4, 1986.

against him who uses them.

---

**3.** Verba fortius accipiuntur contra proferentem. Lat. Words are to be taken most strongly

No appearance for plaintiff and appellee.

Randall R. Hodge of Banks & Johnson, P.C., Rapid City, for defendants and appellants.

PER CURIAM.

## ACTION

This is an intermediate appeal from a circuit court Order denying defendants' request for transfer of a small claims action to the formal side of magistrate court for trial by jury. We reverse and remand.

## FACTS

In July 1985, Pat Kneeland (Kneeland), plaintiff-appellee, and Ralph Matz (Matz), were involved in an auto accident at the Windmill Truckstop in Rapid City, South Dakota. On August 28, 1985, Kneeland filed a small claims action against Matz and his insurance company, Milbank Insurance Company. For convenience and clarity, we shall refer to Matz and Milbank Insurance Company as defendants. Thereafter, defendants filed a Claim of Trial by Jury which requested that the small claims action be transferred to the formal side of magistrate court for trial by jury. SDCL 15–39–57. Accompanying this Claim of Trial by Jury were the necessary fee and undertaking, *see* SDCL 15–39–57 and SDCL 15–39–60. Contemporaneously filed was an affidavit which outlined the important issues of law and questions of fact which the defendants believed could not be adequately protected without the procedure of a formal trial. SDCL 15–39–57. This affidavit stated that defendants sought the protection of a formal trial by jury so as to preserve their right to appeal an adverse decision and that the request for a jury trial was intended in good faith.

The circuit court, however, denied defendants' Claim of Trial by Jury and request for transfer to magistrate court. In its Findings of Fact, the circuit court found "the matter presented by this small claims action [to be] a run of the mill small claims action [which] is commonly heard in Small Claims Court." In its Conclusions of Law, the circuit court concluded that SDCL 15–39–57 requires it to determine whether issues or questions of fact being litigated are so complex and important that the parties cannot be adequately protected without the procedure of a formal trial. A conclusion was entered that the issues and questions of fact being litigated were not so complex or important that the parties could not be

adequately protected without the procedure of a formal trial.

Defendants thereafter filed, with this Court, a Petition for Permission to Take Discretionary Appeal, and by an Order dated November 14, 1985, we granted that Petition. Kneeland has failed to file a brief herein.

## DECISION

DO SMALL CLAIMS DEFENDANTS HAVE A RIGHT TO REMOVE THEIR CASE TO CIRCUIT OR MAGISTRATE COURT FOR TRIAL BY JURY? UPON PROPER APPLICATION, A RIGHT TO JURY TRIAL EXISTS.

South Dakota Constitution Article VI, § 6, provides in part: "The right of trial by jury shall remain inviolate and shall extend to all cases at law without regard to the amount in controversy...." * Concerning this constitutional provision, we previously held it mandates that a party be given a jury trial, as a matter of right, if the action is one at law. *Orr v. Kneip*, 287 N.W.2d 480, 485 (S.D.1979). This Court has also recognized that the clause "and shall extend to all cases at law without regard to the amount in controversy," extends the constitutional privilege of trial by jury to those cases of small amount not within the Seventh Amendment of the United States Constitution, *Shaw v. Shaw*, 28 S.D. 221, 226, 133 N.W. 292, 293 (1911); and that if in some stage of a proceeding, the right to trial by jury is given, the right provided by South Dakota Constitution Article VI, § 6, is preserved. *Turner Creamery Co. v. Chicago, M. & St. P. Ry. Co.*, 36 S.D. 310, 329, 154 N.W. 819, 825 (1915).

Reviewing the chapter governing small claims procedure, we note the relevant statutes.

*SDCL 15–39–56.* A plaintiff beginning an action under the procedure shall be deemed to have waived a trial by jury and his right of appeal to the circuit court unless said action shall be removed to the circuit or magistrate court as hereinafter provided, in which case the plaintiff shall have the same right to claim a trial by jury as if the action had been begun in the circuit or magistrate court.

*SDCL 15–39–57.* No party to an action under the procedure shall be entitled to an appeal to the circuit court. In lieu thereof, defendant may, two days prior to the date upon which he is notified to appear or answer, file in the court or with the magistrate in which the action is pending, a claim of trial by jury and his affidavit that there are issues and questions of fact being litigated that are so complex or important that the parties cannot be adequately protected without the procedure of a formal trial, with specifications of the same, and that such trial is intended in good faith. The sum of ten dollars for the entry of the action for trial by jury in the circuit or magistrate court as the case may be must accompany the claim and affidavit.

An additional ten dollars shall be paid when the case is ready for trial and before calling a jury.

*SDCL 15–39–58.* The clerk of courts shall forthwith transmit such original papers or attested copies thereof and the circuit or magistrate court may try the action as transmitted or may require pleading as in an action by summons, but the action shall be marked for trial on the list of causes advanced for speedy trial by jury.

*SDCL 15–39–59.* A defendant may exercise the right of removal of cause for trial by jury. However, the presiding judge shall determine by order for each county within his circuit whether such trials shall take place in magistrate court or circuit court.

The fee specified by § 15–39–57 for the entry of the action for trial by jury must be paid.

---

* *See also,* SDCL 15–6–38(a) which provides: "The right of trial by jury as declared by article VI, section 6 of the Constitution of South Dakota or as given by a statute of South Dakota shall be preserved to the parties inviolate." With regard to this statute and the above constitutional provision, we have stated: "The right to a jury trial is guaranteed both litigants in Article VI, § 6 of the South Dakota Constitution and SDCL 15–6–38(a), (b)." *Skoglund v. Staab,* 312 N.W.2d 29, 30 (S.D.1981).

*SDCL 15–39–60.* If such removal is sought to circuit or magistrate court, an undertaking in the amount of fifty dollars must be given by defendant to secure to the plaintiff the costs to which he may be adjudged entitled.

*SDCL 15–39–62.* Upon removal of a cause to the circuit or magistrate court the original docket entries, or in case of removal by some of several defendants, an attested copy thereof shall be transmitted to the clerk of the circuit or magistrate court.

*SDCL 15–39–63.* The court may in its discretion transfer an action begun under this chapter to the regular civil docket for formal hearing before a jury and determination as though it had been begun by summons and may impose terms upon such transfer.

■ Based on the above statutes and constitutional provision, defendants contend they have a right to remove the small claims action to magistrate court for a jury trial, and that the circuit court has no discretion in the matter. With this contention, we agree.

■ As previously stated, a party has a right to a jury trial if the action is one at law, *Orr;* and the right to trial by jury is preserved, if in some stage of a proceeding, the right to a jury trial is given. *Turner.* A small claims plaintiff could initially file his action in circuit or magistrate court. Therefore, his right to a jury trial is preserved. A small claims defendant, however, is involuntarily brought into small claims court, but upon proper application, the small claims defendant can remove the cause to magistrate or circuit court for a jury trial. Therefore, a defendant's right to a jury trial in a small claims action is preserved.

We determine that upon proper application, *see* SDCL 15–39–57 and SDCL 15–39–60, the circuit court has no discretion in allowing or denying removal for trial by jury. If such a determination was not reached, the small claims procedure statutes would violate the right to trial by jury embodied within South Dakota Constitution Article VI, § 6. The only discretion the circuit court possesses is to transfer on its own motion, a small claims action to the regular civil docket for formal hearing before a jury, SDCL 15–39–63; and to decide if the trial will take place in magistrate or circuit court. SDCL 15–39–59. We therefore resolve that the circuit court erred in denying defendants' Claim of Trial by Jury.

We note that a small claims defendant may have numerous reasons for seeking removal for trial by jury. Not only may the defendant desire the resolution of a properly constituted lay jury, but he may also desire adherence to the strict rules of evidence and the advantage of formal discovery. *Cf.* SDCL 19–9–14(2); and SDCL 15–39–71. We also note that the affidavit required by SDCL 15–39–57, causes the defendant-affiant to examine the necessity and propriety of a jury trial and further develops the small claims record transmitted to the magistrate or circuit court. SDCL 15–39–58.

Based upon our state constitution, precedent in this Court, and state statutes, this case is reversed and remanded.

FOSHEIM, C.J., and MORGAN, WUEST, and SABERS, JJ., concur.

HENDERSON, J., deeming himself disqualified, did not participate.

