#27104-a-SLZ

**2014 S.D. 96**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,          Plaintiff and Appellee,

    v.

NICOLE MUNDY-GEIDD,          Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
CHARLES MIX COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE BRUCE V. ANDERSON
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

JEFFREY P. HALLEM
Deputy Attorney General

KELLY MARNETTE
Assistant Attorney General
Pierre, South Dakota          Attorneys for plaintiff
          and appellee.


TIMOTHY R. WHALEN
Lake Andes, South Dakota          Attorney for defendant
          and appellant.

\* \* \* \*

ARGUED ON
NOVEMBER 18, 2014
OPINION FILED **12/23/14**

#27104

ZINTER, Justice

[¶1.]        Nicole Mundy-Geidd was convicted of driving under the influence of
alcohol (DUI) in 2013.  She appeals, arguing that enforcement of the DUI statute
(SDCL 32-23-1) was prohibited at the time of her offense.  She contends that until
its repeal in 2014, SDCL 34-20A-93 prohibited the enforcement of laws, such as
SDCL 32-23-1 that included "drinking, drunkenness, or being found in an
intoxicated condition" as an element of the offense.  We disagree and affirm the
conviction.

*Facts and Procedural History*

[¶2.]        In 2013, Mundy-Geidd was arrested and charged with DUI, in
violation of SDCL 32-23-1.  The magistrate court denied Mundy-Geidd's pre- and
post-trial motions to dismiss, which were predicated on now repealed SDCL 34-20A-
93.  Following her conviction after a magistrate court trial, the circuit court
affirmed.

[¶3.]        On appeal, Mundy-Geidd argues that from 2012 to 2014, SDCL 34-
20A-93 prohibited the enforcement of SDCL 32-23-1.  Mundy-Geidd points out that
before its repeal in 2014, SDCL 34-20A-93 prohibited the State from enforcing laws
that included "drinking, drunkenness, or being found in an intoxicated condition as
one of the elements of the offense."[1]  Mundy-Geidd also points out that the DUI

1.        SDCL 34-20A-93 provided:

> Except as hereinafter provided, neither the state nor any county,
> municipality, charter unit of government, or other political
> subdivision may adopt or enforce a law, ordinance, resolution, or
> rule having the force of law that includes drinking,
> drunkenness, or being found in an intoxicated condition as one

(continued . . .)

-1-

exception to this prohibition was repealed in 2012. *See* SDCL 34-20A-95 (repealed 2012) (providing that SDCL 34-20A-93 did not apply to "driving under the influence of alcohol, or other similar offenses").[2] Therefore, Mundy-Geidd argues that in 2013, SDCL 34-20A-93 prohibited the State from enforcing SDCL 32-23-1 because one of the elements of SDCL 32-23-1 is driving "while under the influence of an alcoholic beverage" or while "having 0.08 percent or more by weight of alcohol" in one's blood.[3]

[¶4.]     The State argues that the 2012 Legislature, in repealing SDCL 34-20A-95, did not intend to prohibit the enforcement of SDCL 32-23-1. The State

---

(. . . continued)
>    of the elements of the offense giving rise to a criminal or civil penalty or sanction.

2.    SDCL 34-20A-95 provided:

>    Nothing in this chapter affects any law, ordinance, resolution, or rule against drunk driving, driving under the influence of alcohol, or other similar offense involving the operation of a vehicle, aircraft, boat, machinery, or other equipment, or regarding the sale, purchase, dispensing, possessing, or use of alcoholic beverages at stated times and places or by a particular class of persons or possessing a loaded firearm while intoxicated.

3.    SDCL 32-23-1 provides in relevant part:

>    No person may drive or be in actual physical control of any vehicle while:
>
>>    (1) There is 0.08 percent or more by weight of alcohol in that person's blood as shown by chemical analysis of that person's breath, blood, or other bodily substance; [or]
>>
>>    (2) Under the influence of an alcoholic beverage, marijuana, or any controlled drug or substance not obtained pursuant to a valid prescription, or any combination of an alcoholic beverage, marijuana, or such controlled drug or substance[.]

points out that SDCL 34-20A-93 and SDCL 34-20A-95 were passed in 1974 as a part of the Uniform Alcoholism and Intoxication Treatment Act. *See* 1974 S.D. Sess. Laws ch. 240 ("An Act enacting the uniform alcoholism and intoxication treatment act, and to amend SDCL 27-8-14 and 35-5-21.3 and to repeal SDCL 22-13-4, 27-3-18, 27-3-20, 27-3-21, 27-3-22, 27-8-3.1, and 27-8-12, all relating to alcoholism."). The State also points out that the purpose of the 1974 Act was to decriminalize alcoholism and public intoxication and afford individuals "a continuum of treatment in order that they [could] lead normal lives as productive members of society." *Id* at § 1. The State further points out that the 2012 Act that repealed SDCL 34-20A-95 was intended to repeal outdated and unnecessary statutes relating to the Division of Behavioral Health. *See* 2012 S.D. Sess. Laws ch. 150 ("An Act to repeal certain outdated or unnecessary statutes related to the Division of Behavioral Health within the Department of Social Services."). Because SDCL 32-23-1 does not involve alcoholism and public intoxication, and because it is not an outdated or unnecessary statute relating to the Division of Behavioral Health, the State argues that the Legislature did not intend to prohibit DUI prosecutions by passing the 1974 and 2012 Acts. The State contends that there is ambiguity in the Acts, and Mundy-Geidd's literal reading produces absurd and unreasonable results. The State contends that to resolve the parties' conflicting interpretations, we should examine the two Acts, their history, and the public policy concerns expressed therein.

*Decision*

[¶5.]     The parties' arguments require us to engage in statutory interpretation. The purpose of statutory interpretation is to discover legislative intent. *Bostick v. Weber*, 2005 S.D. 12, ¶ 7, 692 N.W.2d 517, 519 (citing *State v. Myrl & Roy's Paving, Inc.*, 2004 S.D. 98, ¶ 6, 686 N.W.2d 651, 653).[4]

[¶6.]     Mundy-Geidd argues that in ascertaining legislative intent, we are precluded from looking beyond SDCL 34-20A-94 (repealed 2014). SDCL 34-20A-94 was enacted as a part of the 1974 Act. *See* 1974 S.D. Sess. Laws ch. 240, § 16(b). At the time of Mundy-Geidd's offense, SDCL 34-20A-94 prohibited the State and its political subdivisions from interpreting or applying a law of general application to circumvent SDCL 34-20A-93.[5] Mundy-Geidd contends that SDCL 32-23-1 is a law of general application, and therefore it cannot be interpreted to circumvent SDCL 34-20A-93. At oral argument Mundy-Geidd acknowledged that SDCL 34-20A-94 does not restrict this Court from performing its judicial function of interpreting statutes. Mundy-Geidd, however, argues that SDCL 34-20A-94 provides the only evidence of legislative intent we should consider. She specifically contends that we should not consider the legislative history of SDCL 34-20A-93 and SDCL 34-20A-95. We disagree because this case does not involve a dispute over the interpretation of

---

4.     Statutory interpretation is a question of law that is reviewed de novo. *State v. Jones*, 2011 S.D. 60, ¶ 8, 804 N.W.2d 409, 412 (citing *State v. Davis*, 1999 S.D. 98, ¶ 7, 598 N.W.2d 535, 537).

5.     SDCL 34-20A-94 provided:

> Neither the state nor county, municipality, charter unit of government, or other political subdivision may interpret or apply any law of general application to circumvent the provision of [SDCL 34-20A-93].

SDCL 32-23-1, the statute of general application. The disagreement involves the interpretation of SDCL 34-20A-93 and SDCL 34-20A-95, the parts of the 1974 and 2012 Acts that are the basis for Mundy-Geidd's appeal.

[¶7.]     In interpreting the 1974 and 2012 Acts, we must examine more than their text because there is ambiguity,[6] and Mundy-Geidd's interpretation leads to absurd results. Legislation is "ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses." *Petition of Famous Brands, Inc.*, 347 N.W.2d 882, 886 (S.D. 1984) (quoting *Nat'l Amusement Co. v. Wis. Dep't of Taxation*, 163 N.W.2d 625, 628 (Wis. 1969)) (internal quotation mark omitted). Here, based on the language of the 1974 and the 2012 Acts, the parties have articulated competing plausible interpretations of how SDCL 34-20A-93 applies to SDCL 32-23-1. Furthermore, for the reasons expressed *infra* ¶ 11,

---

6.     The plain text of SDCL 34-20A-93 does not necessarily prohibit the enforcement of SDCL 32-23-1. It does not because the under the influence element of SDCL 32-23-1 does not require proof of "intoxication" or "drunkenness." It is well established that a driver of a vehicle need not be intoxicated or drunk to satisfy the "under the influence" element of SDCL 32-23-1. To be under the influence, a driver need only be deprived of the clearness of intellect and control that the driver would otherwise possess.

> It is not essential to the existence of the offense [of DUI] that the driver of the vehicle should be so intoxicated that the vehicle cannot be safely driven. The expression "under the influence of an alcoholic beverage" covers not only all well-known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in an alcoholic beverage and which tends to deprive the driver of that clearness of intellect and control of oneself which the driver would otherwise possess.

*State v. Mastellar*, 86 S.D. 514, 517, 198 N.W.2d 503, 504-05 (1972). And the element involving blood-alcohol levels does not purport to require any alcohol-related condition. Thus, there are competing plausible interpretations of how SDCL 34-20A-93 applies to SDCL 32-23-1.

Mundy-Geidd's interpretation leads to absurd results. Therefore, to resolve the ambiguity and determine legislative intent, we "look to 'the legislative history, title, and the total content of the legislation.'" *In re Expungement of Oliver*, 2012 S.D. 9, ¶ 15, 810 N.W.2d 350, 354 (quoting *Zoss v. Schaefers*, 1999 S.D. 105, ¶ 6, 598 N.W.2d 550, 552). We "must also reflect upon the purpose of the enactment, the matter sought to be corrected and the goal to be attained." *State v. Davis*, 1999 S.D. 98, ¶ 7, 598 N.W.2d 535, 537 (quoting *De Smet Ins. of S.D. v. Gibson*, 1996 S.D. 102, ¶ 7, 552 N.W.2d 98, 100).

[¶8.] The titles, history, and purposes of the 1974 and 2012 Acts reflect that the 2012 Legislature did not intend to end the enforcement of the DUI statute. As previously noted, SDCL 34-20A-93 was enacted by the 1974 Legislature to decriminalize public intoxication and offer individuals treatment for alcoholism. 1974 S.D. Sess. Laws ch. 240, § 1. Although the 1974 Act repealed certain alcohol-related statutes and criminal offenses, SDCL 32-23-1 was not included. 1974 S.D. Sess. Laws ch. 240, § 20. Further, the 2012 Act repealing SDCL 34-20A-95 was enacted "to repeal certain outdated or unnecessary statutes related to the Division of Behavioral Health within the Department of Social Services." 2012 S.D. Sess. Laws ch. 150. SDCL 32-23-1 is not such a statute. Indeed, the 2012 Act did not repeal or prohibit the enforcement of any criminal statute. 2012 S.D. Sess. Laws ch. 150. We see nothing in the history or purpose of these Acts suggesting that the 2012 Legislature intended to end the enforcement of SDCL 32-23-1.

[¶9.] Other contemporaneous legislation confirms our conclusion. Indeed, although the 2012 Legislature repealed SDCL 34-20A-95, it simultaneously revised

a criminal penalty statute (SDCL 22-6-5.2) to expressly authorize enhanced penalties for violating SDCL 32-23-1. 2012 S.D. Sess. Laws ch. 119. The 2012 Legislature also amended rather than repealed SDCL 42-8-45, an analogous statute that prohibited boating while "under the influence" of alcohol. 2012 S.D. Sess. Laws ch. 208, § 1. And in 2013, the Legislature reaffirmed that SDCL 32-23-1 remained enforceable. That Legislature amended SDCL 32-23-4.1 and SDCL 32-23-4.6, statutes that governed enhanced penalties for violating SDCL 32-23-1 if the offender had prior DUI convictions. 2013 S.D. Sess. Laws ch. 101, §§ 64, 65. Thus, contemporaneous and subsequent legislation reflects that the Legislature's 2012 repeal of SDCL 34-20A-95 was not intended to prohibit DUI prosecutions under SDCL 32-23-1.

[¶10.]     We also observe that Mundy-Geidd's interpretation of SDCL 34-20A-93 and SDCL 34-20A-95 would repeal SDCL 32-23-1 by implication. "[R]epeal by implication is strongly disfavored." *Faircloth v. Raven Indus., Inc.*, 2000 S.D. 158, ¶ 10, 620 N.W.2d 198, 202 (citing *Morton v. Mancari et al.*, 417 U.S. 535, 549, 94 S. Ct. 2474, 2482, 41 L. Ed. 2d 290, 300 (1974)). "Judges should refrain from negating a legislative act unless it is demanded by manifest necessity." *Id.* (citing *Karlen v. Janklow*, 339 N.W.2d 322, 323 (S.D. 1983)). "Before judicially implying a repeal, the Legislature's intent to do so must be apparent." *Id.* (citing *Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497, 504, 56 S. Ct. 349, 352, 80 L. Ed. 351, 355 (1936)). Here, the Legislature's intent to repeal SDCL 32-23-1 is not manifest or apparent. On the contrary, the 2012 Act specifically repealed 47 statutes, but SDCL 32-23-1 was not included. 2012 S.D. Sess. Laws ch. 150, §§ 1-47.

[¶11.]    We finally observe that Mundy-Geidd's interpretation produces absurd and unreasonable results.  Under Mundy-Geidd's interpretation, numerous public safety statutes involving alcohol would have been repealed by implication.  *See, e.g.*, SDCL 22-16-41 (prohibiting vehicular homicide while "under the influence of alcohol . . . in a manner and to a degree prohibited by" SDCL 32-23-1); SDCL 42-8-45 (prohibiting the operation of a boat while under the influence of alcohol); SDCL 50-13-17 (prohibiting persons under the influence of alcohol from operating aircraft); SDCL 32-23-21 (prohibiting minors from operating vehicles if their blood alcohol content is above 0.02); SDCL 35-9-2 (prohibiting minors from consuming alcoholic beverages); SDCL 35-1-5.6 (prohibiting the consumption of alcohol on "the premises of a licensed on-sale dealer if the alcoholic beverage was not purchased from the on-sale dealer"); SDCL 35-1-9.1 (prohibiting the consumption of alcoholic beverages in vehicles on highways or streets); SDCL 35-9-10 (prohibiting social hosts from knowingly permitting eighteen-, nineteen-, or twenty-year-old persons from consuming alcohol); SDCL 32-12A-44 (prohibiting commercial drivers from having a blood alcohol content of 0.04 to 0.08 while being in actual physical control of a commercial vehicle).  But without an express repealer, it is unreasonable and absurd to believe that the 2012 Legislature intended such a wholesale repeal of these important public safety statutes.  *See Myrl & Roy's*, 2004 S.D. 98, ¶ 6, 686 N.W.2d at 654 ("[I]n construing statutes together[,] it is presumed that the Legislature did not intend . . . absurd or unreasonable result[s].") (quoting *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611).

#27104

[¶12.]        We hold that the 1974 enactment of SDCL 34-20A-93 and the 2012 repeal of SDCL 34-20A-95 did not prohibit the enforcement of SDCL 32-23-1. Because the State had authority to prosecute Mundy-Geidd for DUI under SDCL 32-23-1, we affirm.

[¶13.]        GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.