#28971, #28986-a-DG
**2020 S.D. 32**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MOLLY GOIN,                                    Plaintiff and Appellant,

    v.

BRANDON KEITH HOUDASHELT,                       Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JANE WIPF PFEIFLE
Judge

\* \* \* \*

ERIC M. SCHLIMGEN
MICHAEL C. LOOS of
Clayborne, Loos & Sabers, LLP
Rapid City, South Dakota                        Attorneys for plaintiff and
                                                appellant.


SCOTT ARMSTRONG
Rapid City, South Dakota                        Attorney for defendant and
                                                appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
JANUARY 13, 2020
OPINION FILED **06/10/20**

GILBERTSON, Chief Justice

[¶1.]        Keith Houdashelt employed Molly Goin for approximately one month to help him prepare to open his kombucha bar in Rapid City.  After Houdashelt fired her, Goin brought an action in small claims court for unpaid wages, among other claims, which Houdashelt removed to circuit court.  After ruling in favor of Goin on the unpaid wages claim at trial, the circuit court determined that Goin's request for attorney fees under SDCL 60-11-24 could not be granted, though reasonable, because the removal statute referenced in SDCL 60-11-24 had been repealed.  Goin appealed that decision.  By notice of review, Houdashelt raised two issues: whether the action was actually a wage claim; and whether the fees that would have been awarded under SDCL 60-11-24 were unreasonable.  We affirm.

**Facts and Procedural History**

[¶2.]        In early 2018, Molly Goin learned that Keith Houdashelt was opening a kombucha bar (Lone Pine Kombucha) in Rapid City.  Goin called Houdashelt and expressed interest in working at the bar, and Houdashelt offered her a position as a tap server for $11.00 per hour.  Goin and Houdashelt later met in person and discussed Goin having a different position until the kombucha bar opened that would include marketing, social media, and reaching out to potential partners.  Goin had worked on websites and social media before, both personally and for the Society Pages in Minneapolis.  Goin asked that the payment be increased to $13.00 per hour for the new responsibilities, and Houdashelt agreed.  Goin worked her first day with Houdashelt on March 3, 2018.

[¶3.] Over the course of her work for Houdashelt, Goin worked on creating a website and Facebook page for Lone Pine Kombucha, experimented with some smoothie recipes which she introduced to Houdashelt, and went to local businesses in Rapid City and Spearfish to discuss those businesses potentially adding a kombucha tap to their bars. Goin worked in the kombucha bar, at home, and at the potential partners' businesses.

[¶4.] Houdashelt provided no formal method of tracking Goin's hours worked. Goin kept track of the hours she worked in her planner. Houdashelt knew that Goin was doing so, and Goin stated that Houdashelt indicated that was acceptable to him until the bar opened. When Goin was not in the shop, or when Houdashelt was out of town, they maintained contact by phone and text message. In late March, Houdashelt informed Goin for the first time that he would not be paying her for work done outside of the bar.

[¶5.] Houdashelt fired Goin on April 2 or 3, 2018, due to dissatisfaction with her work. At that time, he asked how many hours she had worked, and Goin responded with 22 hours, though she did not have her planner with her. Houdashelt told Goin he thought she worked more hours than that, and paid her in cash for 40 hours of work. Goin later looked at her planner and found that she had been undercompensated for the actual hours worked.

[¶6.] Goin sent a demand letter to Houdashelt on April 12, 2018, for compensation for wages owed and damages suffered from withheld wages and loss of her home mortgage, which she obtained conditioned upon her employment. Goin then filed a small claims action in May 2018 to recover unpaid wages for her time

working for Houdashelt and other damages. In total, she sought $10,947.20, made up of unpaid wages, costs, reliance damages, filing fees, attorney fees and costs, and punitive damages to be claimed if the matter proceeded to trial. Goin's statement of small claims identified that she sought recovery of "the wages she is owed and damages suffered from withheld wages and termination of her mortgage."

[¶7.] Houdashelt removed the action to circuit court because the action involved "issues and questions of fact and law that are so complex and important that the parties cannot be adequately protected without the procedure of a formal trial." Goin filed a formal complaint on three counts: (1) breach of contract; (2) negligent misrepresentation; and (3) unjust enrichment. Houdashelt later made a motion for summary judgment, asserting there was no contract that could have been breached, Goin had no expectation of future employment, and that all assertions were speculative so no factfinder could find that Goin was not fully compensated. The circuit court granted Houdashelt's motion on the breach of contract and negligent misrepresentation claims, but allowed the unjust enrichment claim and the issue of whether Goin was paid for her work to go to trial.

[¶8.] The circuit court held a bench trial in January 2019. Finding both Goin's and Houdashelt's testimony credible, the circuit court found that Houdashelt owed Goin for 15 hours of wages at $13.00 per hour plus interest ($215.00) and ordered him to pay that amount, but ruled for Houdashelt in a directed verdict on Goin's claim for unjust enrichment. The court found that no testimony had been presented on the unjust enrichment claim. After taking the issue under advisement, the court also concluded that the attorney fees requested by Goin were

appropriate and reasonable and awarded them under SDCL 60-11-24. SDCL 60-11-24 provides: "In any action for wages brought in small claims court which is removed to magistrate court or circuit court under § 15-39-59, the court may, in addition to awarding judgment to the plaintiff, allow costs of the action including reasonable attorney fees to be paid by the defendant."

[¶9.] However, the circuit court later discovered that SDCL 15-39-59[1] had been repealed in 2000 by this Court and asked the parties to brief the issue of whether fees could still be awarded under SDCL 60-11-24 and whether the court should reconsider its ruling on attorney fees. Goin argued that removal actions brought after 15-39-59's repeal were now allowed under SDCL 15-39-57, which states in relevant part:

> No party may appeal any decision entered under this procedure. In lieu thereof, defendant may, five days prior to the date upon which the defendant is notified to appear or answer, file in the court in which the action is pending, a petition to remove the action to the regular civil docket of the circuit court or magistrate court and state therein whether the defendant intends to proceed with a trial by jury or a trial to the court. Failure to make the request within the time provided shall be deemed an acceptance by the defendant to the jurisdiction of small claims court.

Goin argued that the substance of the removal process presented in SDCL 15-39-57 is unchanged from SDCL 15-39-59's process, so SDCL 60-11-24 can now be used in conjunction with SDCL 15-39-57. Houdashelt responded that allowing attorney fees under SDCL 60-11-24 would violate its plain meaning, as well as the general rule

---

1. SDCL 15-39-59 as it existed before its repeal in 2000 provided, "A defendant may exercise the right of removal of cause for trial by jury. However, the presiding judge shall determine by order for each county within his circuit whether such trials shall take place in magistrate court or circuit court."

followed in South Dakota that attorney fees are disfavored absent specific contractual or statutory provisions to the contrary. *See Crisman v. Determan Chiropractic, Inc.*, 2004 S.D. 103, ¶ 26, 687 N.W.2d 507, 513.

[¶10.] In an amended order on attorney fees, the court ultimately determined that it could not award attorney fees because SDCL 15-39-59 was repealed. However, the circuit court did still award Goin $377.68 in costs. Goin moved for reconsideration, but was notified that reconsideration would not happen before the time to appeal expired.

[¶11.] Goin now appeals raising the issue whether the circuit court erred in deciding the repeal of SDCL 15-39-59 prevented it from awarding attorney fees that were reasonable and warranted under SDCL 60-11-24. Houdashelt raises two additional issues by notice of review: whether the circuit court erred in characterizing Goin's action as a wage dispute subject to SDCL 60-11-24; and whether the circuit court erred in determining $10,850.09 was a reasonable award of attorney fees for a recovery of $215.00.

## Analysis and Decision

> 1. *Whether the circuit court erred in deciding the repeal of SDCL 15-39-59 prevented it from awarding attorney fees that were reasonable and warranted under SDCL 60-11-24.*

[¶12.] The circuit court concluded that no legal basis existed to grant attorney fees under SDCL 60-11-24 because the statute only applies to cases removed under SDCL 15-39-59 and cases can no longer be removed under SDCL 15-39-59 since its repeal in 2000. In doing so, the circuit court stated, "the [c]ourt

cannot graft the right to fees into [SDCL 60-11-24 as it remains]." According to the circuit court, only the Legislature can.

[¶13.]    Questions of statutory interpretation and application are questions of law reviewed de novo. *S.D. Subsequent Injury Fund v. Federated Mut. Ins., Inc.*, 2000 S.D. 11, ¶ 10, 605 N.W.2d 166, 168. "When the language of a statute is clear, certain and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute." *Id.* ¶ 17, 605 N.W.2d at 169 (quoting *S.D. Subsequent Injury Fund v. Cas. Reciprocal Exch.*, 1999 S.D. 2, ¶ 17, 589 N.W.2d 206, 209). "We read statutes as a whole along with the enactments relating to the same subject." *Faircloth v. Raven Indus., Inc.*, 2000 S.D. 158, ¶ 6, 620 N.W.2d 198, 201. We also assume that no statute was meant to be "mere surplusage." *Id.*

[¶14.]    Goin argues that "[t]he only way to give effect to SDCL 60-11-24 is to interpret the language referencing wage claims under the same title and chapter." Goin asserts that SDCL 60-11-24 should be given effect by referencing SDCL 15-39-57, rather than SDCL 15-39-59. Goin relies on *State v. Mundy-Geidd*, claiming it is instructive on situations where the repeal of one statute does not result in a statute that referenced the repealed statute being unenforceable. 2014 S.D. 96, 857 N.W.2d 880.

[¶15.]    In *Mundy-Geidd*, the appellant argued that a DUI statute could not be enforced at the time of her DUI (2013) because the DUI exception to SDCL 34-20A-93 (repealed 2014), which prohibited enforcement of laws that include "drinking, drunkenness, or being found in an intoxicated condition as one of the elements of

the offense," had been repealed in 2012.[2]  2014 S.D. 96, ¶ 3, 857 N.W.2d at 882.

Mundy-Geidd was convicted under SDCL 32-23-1, which states in relevant part:

"No person may drive or be in actual physical control of any vehicle while: . . . (2)

Under the influence of an alcoholic beverage[.]"  Mundy-Geidd argued that SDCL

34-20A-93 prohibited enforcement of SDCL 32-23-1 because the "under the

influence" element included "drinking, drunkenness, or being found in an

intoxicated condition as one of the elements of the offense."  *Mundy-Geidd*, 2014

S.D. 96, ¶ 3, 857 N.W.2d at 882.  This Court rejected that argument and examined

the legislative purpose and history of the 1947 and 2012 Acts affecting those

statutes because there was ambiguity in the statutes.  The Court determined that

in repealing the DUI exception to SDCL 34-20A-93, the "Legislature did not intend

to end the enforcement of the DUI statute."  *Id.* ¶ 8, 857 N.W.2d at 884.  Rather, the

Legislature was simply repealing outdated and unnecessary statutes.  *Id.*

[¶16.]        Goin uses *Mundy-Geidd* as the foundation for her argument that

repealing one statute does not affect other statutes' enforcement.  However, *Mundy-Geidd* was based on analysis of the legislative history and purpose of ambiguous

statutes.  Here, SDCL 60-11-24 is not ambiguous.  It clearly states that reasonable

attorney fees are recoverable "[i]n any action for wages brought in small claims

_____

2.    The DUI exception was found in SDCL 34-20A-95 (repealed 2012):

> Nothing in this chapter affects any law, ordinance, resolution, or
> rule against drunk driving, driving under the influence of
> alcohol, or other similar offense involving the operation of a
> vehicle, aircraft, boat, machinery, or other equipment, or
> regarding the sale, purchase, dispensing, possessing, or use of
> alcoholic beverages at stated times and places or by a particular
> class of persons or possessing a loaded firearm while intoxicated.

court which is removed . . . under § 15-39-59." SDCL 60-11-24.  There is no ambiguity, as the statute specifically refers only to actions removed under SDCL 15-39-59, and we cannot give SDCL 60-11-24 effect by referencing SDCL 15-39-57.

[¶17.]        Goin further points out that this Court found that the requested statutory interpretation in *Mundy-Geidd* would lead to "absurd and unreasonable results."  2014 S.D. 96, ¶ 11, 857 N.W.2d at 885.  Goin goes on to argue the circuit court's ruling effectively repeals SDCL 60-11-24, contrary to the rule that "repeal by implication is strongly disfavored."  *Faircloth*, 2000 S.D. 158, ¶ 10, 620 N.W.2d at 202.  "Judges should refrain from negating a legislative act unless it is demanded by manifest necessity."  *Id.*  "Where conflicting statutes appear, it is the responsibility of the court to give a reasonable construction to both, and to give effect, if possible, to all provisions under consideration . . . ."  *Karlen v. Janklow*, 339 N.W.2d 322, 323 (S.D. 1983).  Here, the conflict between statutes arises because one statute no longer exists.  But despite this Court's repeal of SDCL 15-39-59, the Legislature has not repealed SDCL 60-11-24, and the Legislature's policy allowing attorney fees under that statute is unchanged.  Its basic provisions are still in effect.

[¶18.]        This Court's repeal of SDCL 15-39-59 did not nullify the Legislature's allowance of attorney fees under SDCL 60-11-24 when a wage claim is removed from small claims court for a jury trial.  As Houdashelt argues, and Goin fails to respond to the argument, even if SDCL 15-39-59 had not been repealed, Goin could not rely on SDCL 60-11-24 to recover attorney fees.  SDCL 15-39-59 referred only to

actions removed from small claims for a jury trial. This action was removed for a bench trial.[3]

[¶19.]        The Legislature adopted SDCL 60-11-24 in 1983. At the time, our procedural rules for removal of a small claims action, codified in SDCL 15-39-56 through 15-39-59, only permitted a defendant to remove a small claims action for a jury trial in magistrate court or circuit court. SDCL 15-39-59 provided, in part, "A defendant may exercise the right of removal of cause for trial by jury."[4] When this Court repealed SDCL 15-39-59, it continued the procedural rules allowing the right of removal of a small claims case for a jury trial. However, the amendment to SDCL 15-39-57 also expanded the right of removal of a small claims case to include "a trial

---

3.        Although the dissent emphasizes that Houdashelt originally petitioned for removal for a jury trial, the case ultimately proceeded with a bench trial. Attorney fees are not recoverable until after the plaintiff has prevailed at trial, so the type of trial that actually occurred is the important consideration, not the type of trial requested in the petition. *See* SDCL 60-11-24.

4.        In addition to SDCL 15-39-59, the version of SDCL 15-39-57 in effect in 1983 provided as follows:

> No party to an action under the procedure shall be entitled to an appeal to the circuit court. In lieu thereof, defendant may, two days prior to the date upon which he is notified to appear or answer, file in the court or with the magistrate in which the action is pending, *a claim of trial by jury* and his affidavit that there are issues and questions of fact being litigated that are so complex or important that the parties cannot be adequately protected without the procedure of a formal trial, with specifications of the same, and that such trial is intended in good faith. The sum of ten dollars for the entry of the action for trial by jury in the circuit or magistrate court as the case may be must accompany the claim and affidavit.

(Emphasis added.)

to the court." Our amendments to these procedural rules for removal of a small claims case could neither expand nor diminish the Legislature's expression of policy allowing for the recovery of attorney fees under SDCL 60-11-24 when the case is removed from small claims court for a jury trial. *See Cedar v. Johnson*, 2018 S.D. 80, ¶ 32, 921 N.W.2d 178, 187. ("[T]he Legislature's sovereign power is expressed through statutes.").

[¶20.] The fees required to go to a jury trial on a claim originally brought as small claims far exceed the amount plaintiffs seek to recover. It would be unreasonable to put that burden on a prevailing plaintiff where the defendant is responsible for removing the case to circuit court. While attorney fees are generally disfavored, *Crisman*, 2004 S.D. 103, ¶ 26, 687 N.W.2d at 513, policy considerations support allowing individuals meaningful access to the courts. It is important that citizens who have been harmed have access to the courts to obtain a remedy. *See* S.D. Const. art. VI, § 20. When a plaintiff is forced out of small claims court by the defendant's right to remove the case to magistrate or circuit court, the amount of fees incurred in proceeding to a jury trial increases greatly from what otherwise would have been incurred and certainly exceeds the amount a plaintiff is trying to recover. That increase limits plaintiffs' ability to access the court and obtain a remedy, and attorney fees should be recoverable for a prevailing plaintiff in those situations.

[¶21.] Goin elected to try the case to the court after removal from small claims. Because the Legislature has not authorized attorney fees in wage claims when a small claims action is removed for a trial to the court, Goin was not entitled

to recover attorney fees under SDCL 60-11-24. Under our "American Rule" for attorney fees, each party must bear its own attorney fees absent an agreement for attorney fees between the parties or where "an award of attorney's fees is authorized by statute." *Rupert v. City of Rapid City*, 2013 S.D. 13, ¶ 32, 827 N.W.2d 55, 67 (quoting *Toft v. Toft*, 2006 S.D. 91, ¶ 17, 723 N.W.2d 546, 551).

[¶22.] Finally, Goin asserts that Houdashelt waived this issue by not raising it below, and that it was improper for the circuit court to raise the issue of its own volition. We have held that subject matter jurisdiction cannot be obtained through waiver. *Wells v. Wells*, 2005 S.D. 67, ¶ 15, 698 N.W.2d 504, 508. "[Q]uestions of jurisdiction can be raised at any time . . . . A judgment rendered without jurisdiction is void." *Id.* ¶ 11, 698 N.W.2d at 507. Without a valid statute providing so, the circuit court had no jurisdiction to award attorney fees. Whether the circuit court could award fees was an appropriate issue for the court to raise *sua sponte* when it came up.

[¶23.] Because the circuit court did not err in determining it could not award reasonable attorney fees under SDCL 60-11-24, there is no need to address Houdashelt's additional arguments.

> 2. *Whether Goin can recover appellate attorney fees.*

[¶24.] Goin has requested an award of appellate attorney fees in this case. Appellate attorney fees are granted "only where such fees are permissible at the trial level." *Eagle Ridge Estates Homeowners Ass'n, Inc., v. Anderson*, 2013 S.D. 21, ¶ 38, 827 N.W.2d 859, 870 (quoting *Grynberg Expl. Corp. v. Puckett*, 2004 S.D. 77, ¶

33, 682 N.W.2d 317, 324). Because Goin could not recover fees at the trial level, she does not prevail on appeal and cannot recover fees on appeal.

**Conclusion**

[¶25.]     The circuit court properly concluded that it could not award reasonable attorney fees under SDCL 60-11-24 due to SDCL 15-39-59's repeal. While attorney fees remain recoverable under SDCL 60-11-24 for small claims cases removed to circuit court for a jury trial, this case was removed for a bench trial. SDCL 60-11-24 does not apply and Goin is not entitled to recover attorney fees. The circuit court's decision is affirmed.

[¶26.]     JENSEN, Justice, concurs.

[¶27.]     SALTER, Justice, concurs specially.

[¶28.]     KERN and DEVANEY, Justices, dissent.


SALTER, Justice (concurring specially)

[¶29.]     I agree with the Court that the Legislature's policy determination to abrogate the American Rule for attorney's fee awards expressed in SDCL 60-11-24 extends only so far. The statute's textual reference to a Supreme Court rule that provided for removal of small claims cases solely for jury trials represents the limit of a circuit court's authority to award attorney's fees to a prevailing plaintiff. The fact that the Supreme Court rule was later revised and renumbered to also contemplate court trials for removed cases may well state a better, more realistic rule of procedure, but it had *no* impact on legislative intent. I join the Court's opinion to this extent.

[¶30.] I would, however, use different principles to resolve Goin's argument that Houdashelt's failure to raise the SDCL 60-11-24 issue deprived the circuit court of authority to reconsider its earlier ruling. *See supra* ¶ 23. We have recognized that "a trial court has the inherent power to reconsider and modify an order any time prior to entry of judgment." *SBS Fin. Servs., Inc. v. Plouf Family Trust*, 2012 S.D. 67, ¶ 13, 821 N.W.2d 842, 845 (quoting *Moore v. Michelin Tire Co.*, 1999 S.D. 152, ¶ 46, 603 N.W.2d 513, 525). In this regard, our cases have justifiably endorsed the idea that a trial court should "depart from an earlier holding if it is convinced that the holding is incorrect." *Id.* (quoting *Moore*, 1999 S.D. 152, ¶ 46, 603 N.W.2d at 525). Applying these essential rules—not principles of subject matter jurisdiction—leads me to conclude that Goin's argument is unconvincing.

DEVANEY, Justice (dissenting).

[¶31.] The purpose of statutory interpretation is to determine Legislative intent. Therefore, I agree with the majority opinion to the extent it rejects the circuit court's holding that after the repeal of SDCL 15-39-59, a legal basis no longer exists to award attorney fees under SDCL 60-11-24. It is well settled that this Court cannot repeal a legislatively created remedy by implication unless "the *Legislature's* intent to do so [is] apparent." *Faircloth v. Raven Indus., Inc.*, 2000 S.D. 158, ¶ 10, 620 N.W.2d 198, 202 (emphasis added). Similarly, "[j]udges should refrain from negating a legislative act unless it is demanded by *manifest necessity*." *Id.* (emphasis added); *accord State v. Mundy-Geidd*, 2014 S.D. 96, ¶ 10, 857 N.W.2d 880, 885. However, I disagree with the ultimate conclusion reached in the majority

opinion because it effectively negates a legislative act—a conclusion that is neither demanded by manifest necessity nor supported by apparent legislative intent.

[¶32.]     Contrary to the interpretation espoused in the majority opinion, nothing within the text of SDCL 60-11-24, either before or after this Court's repeal of SDCL 15-39-59, demonstrates a clear, certain, and unambiguous intent to *limit* the attorney-fee remedy created by the Legislature in SDCL 60-11-24. After acknowledging that the "basic provisions [in SDCL 60-11-24] are still in effect" notwithstanding the repeal of SDCL 15-39-59, the majority opinion concludes the Legislature intended to allow attorney fees *only* when a jury trial is held after a wage claim is removed from small claims court. *See supra* Majority Opinion ¶ 17. This conclusion purportedly rests upon the principle that this Court cannot, by procedural rules, "expand [or] diminish the Legislature's expression of policy." *See supra* Majority Opinion ¶ 19. While this principle is sound, the majority opinion does precisely what it declares we cannot do—it diminishes the legislative policy actually expressed in SDCL 60-11-24 by placing undue emphasis on select terms in a procedural statute we repealed as unnecessary in the overall removal scheme in SDCL chapter 15-39.

[¶33.]     A review of SDCL chapter 60-11 as a whole, and in conjunction with SDCL chapter 15-39, instead reveals a legislative policy to allow prevailing wage claimants to recover attorney fees from employers after these cases are removed from small claims court, regardless of whether the cases are ultimately determined by a court or jury trial. Therefore, I respectfully dissent.

[¶34.] There is no dispute that SDCL 60-11-24 affords wage claimants an attorney-fee remedy when a defendant removes the case from small claims court. But nothing in SDCL chapter 60-11 as a whole, or SDCL 60-11-24 on its face, supports the majority opinion's interpretation that the Legislature intended to afford an attorney-fee remedy under SDCL 60-11-24 *only* when a wage claim is removed for a *jury trial*. The statute certainly does not include such limiting language. It refers only to *removal* and does not contain the phrase "for a jury trial." Notably, when SDCL 60-11-24 was enacted in 1983, there was no need to specify whether attorney fees may be recovered only after removal for a jury trial as opposed to a court trial because, at that time, the small claims procedural statutes only allowed removals for jury trials. Therefore, we cannot, as the majority opinion has done, presume that the Legislature intended to disallow an award of attorney fees to a wage claimant when a removal results in a court trial.

[¶35.] Moreover, the majority opinion erroneously states that Goin's small claims action was removed for a bench trial. *See supra* Majority Opinion ¶ 18. It then concedes in a footnote that Houdashelt actually petitioned for removal for a *jury trial*, but concludes that because "attorney fees are not recoverable until after a plaintiff has prevailed *at trial*, [ ] the type of trial that actually *occurred* is the important consideration, not the type of trial requested in the petition." *Id.* ¶ 18 n.3 (emphasis added). This assertion is completely untethered from the language in SDCL 60-11-24, which refers only to a *removal* and contains no language suggesting that a wage claimant must proceed to a *trial* after removal in order to recover attorney fees, much less a specific *type* of trial.

[¶36.] "The fundamental mission of a court in interpreting legislative acts is to ascertain and give effect to the intention of the Legislature[.]" *Breck v. Janklow*, 2001 S.D. 28, ¶ 20, 623 N.W.2d 449, 457. "Intent must be determined from the statute as a whole, as well as enactments relating to the same subject." *City of Sioux Falls v. Ewoldt*, 1997 S.D. 106, ¶ 14, 568 N.W.2d 764, 767 (quoting *Wiersma v Maple Leaf Farms*, 1996 S.D. 16, ¶ 3, 543 N.W.2d 787, 789). Where, as here, we are interpreting a statutory provision which cross-references a statute from another chapter, "it is our responsibility to give reasonable construction to both, and if possible, to give effect to all provisions under consideration, construing them together to make them 'harmonious and workable.'" *See id.* (quoting *Whalen v. Whalen*, 490 N.W.2d 276, 280 (S.D. 1992)). In doing so, we "look to 'the legislative history, title, and the total content of the legislation.'" *Mundy-Geidd*, 2014 S.D. 96, ¶ 7, 857 N.W.2d at 884 (quoting *In re Expungement of Oliver*, 2012 S.D. 9, ¶ 15, 810 N.W.2d 350, 354 (quoting *Zoss v. Schaefers*, 1999 S.D. 105, ¶ 6, 598 N.W.2d 550, 552)). We "also reflect upon the purpose of the enactment, the matter sought to be corrected and the goal to be attained." *Id.* (quoting *State v. Davis*, 1999 S.D. 98, ¶ 7, 598 N.W.2d 535, 537).

[¶37.] In *Mundy-Giedd*, the Court looked to both contemporaneous and subsequent legislation to interpret the interplay between statutes in different chapters of the Code, each enacted with a different focus and purpose. *Id.* ¶ 9. Doing so here requires a review of not only SDCL 60-11-24 in context with the overall purpose of SDCL chapter 60-11, but also a review of the small claims statutes in chapter 15-39 governing the removal process as they existed in their

entirety at the time SDCL 60-11-24 was enacted. We must also assess how these procedural statutes have since evolved. Such a review is the only way to give effect to the intent actually expressed by the Legislature as reflected in the language employed in SDCL 60-11-24.

[¶38.]        We start with the purpose and context behind SDCL 60-11-24, a statute that was enacted in 1983 and has not yet been amended. It exists in Title 60, which governs labor and employment, and within chapter 60-11, which pertains to wages, hours, and conditions of employment. Chapter 60-11 includes provisions dictating, among other things, when and at what amount wages are to be paid. Chapter 60-11 also imposes penalties for violations. For example, under SDCL 60-11-7, an employee is entitled to double damages "[i]n any action for the breach of an obligation to pay wages" when "a private employer has been oppressive, fraudulent, or malicious, in the employer's refusal to pay wages due to the employee[.]" Further, the Legislature made it a class 2 misdemeanor for an employer to intentionally refuse to pay wages due and payable when demanded. SDCL 60-11-15.

[¶39.]        Like these other statutes within the same chapter, SDCL 60-11-24 provides protection for employees by affording them an attorney-fee remedy when they are forced to incur greater litigation expenses after their wage claims are removed from the expeditious small claims procedure. The statute provides: "In any action for wages brought in small claims court which is removed to magistrate court or circuit court under § 15-39-59, the court may, in addition to awarding judgment to the plaintiff, allow costs of the action including reasonable attorney fees to be

paid by the defendant." SDCL 60-11-24. It is clear that the focus of this statute, and chapter 60-11 as a whole, is the protection of employees, not small claims procedure. Therefore, we cannot, from the mere reference to SDCL 15-39-59, declare that the Legislature contemplated a distinction between court and jury trials or made a determination that a jury trial must ultimately be held after removal in order for a prevailing wage claimant to recover attorney fees under SDCL 60-11-24.

[¶40.] An examination of the small claims removal statutes in SDCL chapter 15-39 in their totality further illustrates that the significance the majority opinion attaches to the Legislature's cross-reference to SDCL 15-39-59 within SDCL 60-11-24 is unfounded. Shortly after SDCL 60-11-24 was enacted, this Court reviewed the relevant statutes in the small claims chapter pertaining to removal. *Kneeland v. Matz*, 388 N.W.2d 890, 892–93 (S.D. 1986) (reviewing SDCL 15-39-56 through 15-39-63). Notably, the defendant in *Kneeland* had filed an affidavit for removal for a jury trial under SDCL 15-39-57, but the circuit court denied the defendant's removal request because the court determined that the small claims process could adequately address the legal and factual issues. On appeal, the defendant asserted that the court did not have discretion to deny removal despite language in SDCL 15-39-57 suggesting otherwise. *Id.* at 893. We agreed, finding that the procedural statutes within the small claims chapter must be read in their totality to preserve a defendant's right to a jury trial under South Dakota Constitution Article VI, § 6. *Id.* The Court concluded that "[t]he only discretion the circuit court possesses is to transfer on its own motion, a small claims action to the regular civil docket for

formal hearing before a jury, SDCL 15-39-63." *Id.* We further noted that SDCL 15-39-59 provides the presiding judge discretion to decide if the trial after removal will take place in magistrate or circuit court. *Id.*

[¶41.]     Although this Court later repealed both SDCL 15-39-59 and SDCL 15-39-63, a defendant's right to a jury trial when a small claims case is removed was nonetheless preserved and the remainder of chapter 15-39 still dictates the removal process. Therefore, it is evident that SDCL 15-39-59 has no particular significance in the overall removal scheme set forth in chapter 15-39. SDCL 15-39-59 was initially adopted by Supreme Court rule in 1939, and notably, it has always contained a reference to, and in that respect incorporates, SDCL 15-39-57. When SDCL 60-11-24 was enacted in 1983, SDCL 15-39-59 provided:

> A defendant may exercise the right of removal of cause for *trial by jury*. However, the presiding judge shall determine by order for each county within his circuit whether such trials shall take place in magistrate or circuit court.
>
> *The fee specified by § 15-39-57 for the entry of the action for trial by jury must be paid.*

(Emphasis added.) All of the removal statutes at that time referred only to jury trials, including SDCL 15-39-57 (1983):

> No party to an action under the procedure shall be entitled to an appeal to the circuit court. In lieu thereof, defendant may, two days prior to the date upon which he is notified to appear or answer, file in the court or with the magistrate in which the action is pending, *a claim of trial by jury* and his affidavit that there are issues and questions of fact being litigated that are so complex or important that the parties cannot be adequately protected without the procedure of a formal trial, with specifications of the same, and that such trial is intended in good faith. The sum of ten dollars for the entry of the action for trial by jury in the circuit or magistrate court as the case may be must accompany the claim and affidavit.

-19-

> An additional ten dollars shall be paid when the case is ready
> for trial and before calling a jury.

(Emphasis added.)

[¶42.] After SDCL 60-11-24 was enacted, the Legislature amended SDCL 15-39-57 in 1991, via an "Act to increase the fee for the transfer of a small claims action to a formal trial and to eliminate the fee for calling the jury." Along with increasing the fee, the Legislature added the option of a court trial upon removal.[5] Some inconsistencies then arose because SDCL 15-39-59 was not simultaneously amended in 1991. The cross-reference in SDCL 15-39-59 to the fee required by SDCL 15-39-57 still referred to the fee as one "for trial by jury," even though this now-amended fee applied to *any* trial in the circuit or magistrate court.

[¶43.] Thereafter, in 1997, the Supreme Court made procedural amendments to both SDCL 15-39-57 and -59. In SDCL 15-39-57, the Court included a requirement that defendants file a petition to remove the action *to the regular civil docket of the circuit or magistrate court*, and again increased the filing fee. In addition, the Court repealed SDCL 15-39-60 and included its requirement of an undertaking for costs (in a higher amount and to secure a plaintiff's damages) within the provisions of SDCL 15-39-57.

[¶44.] The Supreme Court amended SDCL 15-39-57 again in 2000, modifying the language precluding appeals and the information required in the affidavit supporting a petition to remove. The Court simultaneously repealed SDCL 15-39-

---

5. Contrary to the suggestion in the majority opinion that this Court expanded removals from small claims court to include court trials, *see supra* Majority Opinion ¶ 19, the Legislature enacted that amendment.

59 in 2000, which contained duplicative language regarding the filing fee set forth in SDCL 15-39-57. Although SDCL 15-39-59 had contained language directing presiding judges to determine by county whether the trials would take place in magistrate or circuit court after removal, after the 1997 amendment to SDCL 15-39-57, the defendant must now petition to remove the action to the regular civil docket of the circuit or magistrate court.[6]

[¶45.]    A review of this legislative history illustrates that the Supreme Court's repeal of SDCL 15-39-59 in 2000 was similar to its decision to repeal another statute in chapter 15-39 in 1997, namely because the statute was no longer necessary in light of the amendments to SDCL 15-39-57. The Legislature did not, either in conjunction with or immediately after any of these amendments to chapter 15-39, amend or strike the reference to SDCL 15-39-59 in SDCL 60-11-24. However, the lack of corresponding legislative action was more likely an oversight rather than an indication of legislative intent to limit the attorney-fee remedy solely to removals for a jury trial.[7] Moreover, it was not necessary for the Legislature to

---

6.    Notably, in declaring the Legislature's policy, the majority opinion's quotation of SDCL 60-11-24 omits the words immediately preceding the reference to SDCL 15-39-59. *See supra* Majority Opinion ¶ 16. The full text of the statute refers to "any action for wages brought in small claims court which is removed *to magistrate court or circuit court* under §15-39-59[.]" (Emphasis added.) Considering that before its repeal, SDCL 15-39-59 was the procedural statute that required the presiding judge to determine whether the trial after removal would be *in magistrate or circuit court*, the reference to this statute in SDCL 60-11-24 may very well have pertained to this aspect of SDCL 15-39-59.

7.    During the 2020 Legislative Session, the Code Commission proposed a bill to correct technical errors in statutory cross-references in numerous statutes throughout the Code, including an amendment to SDCL 60-11-24 removing

(continued . . .)

modify the remaining terms of SDCL 60-11-24 to give effect to its intent to afford additional protection to wage claimants because SDCL 60-11-24 says nothing about what must occur *after* a removal to trigger a prevailing wage claimant's right to recover attorney fees. Notably, the majority opinion recognizes that the "basic provisions" of SDCL 60-24-11 are still in effect after the repeal of SDCL 15-39-59. The undeniable fact, as conceded in the majority opinion, is that the purpose behind SDCL 60-11-24 can be accomplished without *any* cross-reference to a small claims procedural statute.

[¶46.]     To conclude otherwise ignores that, for various reasons, a removal to the formal docket of the magistrate or circuit court increases the potential costs of what was initially a small claims action regardless of whether the removal results in a court trial or jury trial. As we recognized in *Kneeland*, a defendant's reasons for removal may very well include the "desire [to] adhere[ ] to the strict rules of evidence and the advantage of formal discovery." *See* 388 N.W.2d at 893. The pretrial procedure itself will undoubtedly increase the costs and prolong the timeframe of the litigation. First, a removal causes a delay because it requires rescheduling in order to place the case on the magistrate or circuit court's docket. Second, the formal rules of civil procedure apply after removal; thus, the court may

---

(. . . continued)
    the reference to SDCL 15-39-59. The Legislature adopted the amendment, but the Governor vetoed the bill because of the constitutional provision requiring that no law embrace more than one subject. Nonetheless, the characterization of this amendment as a correction of a technical error, rather than a substantive change, supports a construction of this statute that reflects legislative intent to afford an attorney-fee remedy regardless of whether a removal results in a jury or court trial.

require a formal complaint, triggering new deadlines for responsive pleadings. In addition to new deadlines, formal discovery may ensue, and additional hearings may be held as needed to resolve dispositive or other pretrial motions. Third, the application of the formal rules of evidence may increase the likelihood of evidentiary motions along with the number of witnesses and necessary foundational evidence. In comparison, this formal procedure is most often abbreviated in small claims actions. *See* SDCL 15-39-53 (allowing a small claims court to modify any or all existing rules of pleading and practice); SDCL 15-39-71 (precluding depositions in small claims actions without leave of court and authorizing the court to conduct the hearing "in such order and form and with such methods of proof as it deems best suited to discover the facts").

[¶47.] Here, Goin's attorney fees increased in conjunction with the formal civil procedure that ensued following Houdashelt's removal. The circuit court's removal order transferred Goin's small claims case to the circuit court *for a jury trial*, and the court entered a scheduling order which set a jury trial date in January 2019 (a nine-month delay from the initiation of Goin's small claims action). It was not until after the parties engaged in discovery, took depositions, filed and briefed summary judgment motions, and filed pretrial submissions (*including proposed jury instructions*) that the parties agreed to a court trial. Therefore, although no jury trial was ultimately held, the removal of Goin's small claims action to circuit court nonetheless resulted in significantly higher attorney fees. In fact, the fees awarded by the court *did not even include billings for the trial itself*, but

consisted instead of the attorney's time spent from the initiation of the small claims action through the discovery, pretrial briefing, and pretrial hearings.

[¶48.]     Considering this reality, it is unreasonable to interpret SDCL 60-11-24 to allow attorney fees only when a *jury trial* is ultimately *held*. It is well settled that we presume "the [L]egislature did not intend an absurd or unreasonable result." *Dakota Plains AG Center, LLC v. Smithey*, 2009 S.D. 78, ¶ 47, 772 N.W.2d 170, 186 (quoting *State v. I–90 Truck Haven Serv., Inc.*, 2003 S.D. 51, ¶ 3, 662 N.W.2d 288, 290). The majority opinion's suggestion—that the Legislature intended to force wage claimants to play the hand out after removal by insisting on jury trials over more cost-effective court trials or settlements to avoid forfeiting their ability to recoup considerable costs already expended in discovery and pretrial practice—is contrary to the overall purpose of SDCL chapter 60-11. Moreover, this suggestion is clearly not tied to the express language in SDCL 60-11-24. As Goin points out, were it not for the ability to recover attorney fees, employers would have an incentive to litigate these claims out of existence, and wage claimants would be unable to obtain legal counsel because it would be too cost prohibitive to litigate cases that are unlikely to generate a recovery sufficient to cover the litigation costs.

[¶49.]     This same rationale supports upholding the *amount* of attorney fees initially awarded here. The circuit court did not abuse its discretion in awarding Goin $10,850.09 in attorney fees, despite a recovery of only $215.00 on her wage claim. The court entered a reasonable fee award after considering the relevant factors as related in *Crisman v. Determan Chiropractic, Inc.*, 2004 S.D. 103, ¶ 28, 687 N.W.2d 507, 514, and Houdashelt has not established that the court's factual

findings are clearly erroneous.  While I would reverse the circuit court's conclusion that the repeal of SDCL 15-39-59 removed the court's authority to award attorney fees under SDCL 60-11-24, I would affirm the amount the court found to be otherwise appropriate.

[¶50.]        KERN, Justice, joins this dissent.